**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION**

| | | |
|---|---|---|
| WARD SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-cv-00919-DGK |
| | ) | |
| AMAZON.COM, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON VARIOUS MOTIONS**

This employment case involves allegations that Plaintiff Ward Smith was sexually assaulted by a co-worker while working for Defendant Amazon.com, Inc. ("Amazon Inc."). The Court previously denied Amazon Inc.'s motion to dismiss based on res judicata—i.e., claim preclusion—grounds solely because the Court could not take judicial notice of the contents of a corporate disclosure for the truth of the matter asserted. ECF No. 10. But the Court noted that this was not a decision on the merits of the claim, and the argument could be renewed on summary judgment. *Id.*

Amazon has done so, arguing that summary judgment is warranted because Plaintiff's claims are precluded by a settlement agreement (the "Settlement Agreement") he reached with Amazon Inc.'s subsidiary Amazon.com Services LLC ("Amazon Services") in another case (the "Kansas Action"). ECF No. 22. Plaintiff has moved for summary judgment on his claims. ECF No. 19. The Court also has before it: (1) Amazon Inc.'s motion to strike unauthorized filings, ECF No. 42; (2) Plaintiff's motion to strike the Settlement Agreement, ECF No. 44; and (3) Plaintiff's motion to strike Amazon Inc.'s corporate disclosure from the Kansas Action, ECF No. 51.

For the reasons discussed below, Amazon Inc.'s motion for summary judgment is GRANTED, and the remaining motions are DENIED.

## Standards of Review

### I. Motion to Strike Standard

Under Federal Rule of Civil Procedure 12(f), the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A "pleading" is generally defined as various types of complaints, answers, or replies to answers. Fed. R. Civ. P. 7(a). For this reason, courts routinely deny motions to strike briefs, memoranda, affidavits, and exhibits. *See Haarslev, Inc. v. Nissen*, No. 5:19-CV-06128-BCW, 2022 WL 18544691, at *1 (W.D. Mo. Mar. 4, 2022); *ISG Tech., Inc. v. Secure Data Techs., Inc.*, No. 20-CV-03345-SRB, 2020 WL 7389746, at *9 (W.D. Mo. Dec. 16, 2020); *Joe Hand Promotions, Inc. v. Shepard*, No. 4:12-CV-1728-SNLJ, 2015 WL 1976342, at *2 (E.D. Mo. Apr. 30, 2015).

### II. Summary Judgment Standard

A movant is entitled to summary judgment if it "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those facts "that might affect the outcome of the suit under the governing law," and a genuine dispute over material facts is one "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court makes this determination by viewing the facts in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. *Tolan v. Cotton*, 572 U.S. 650, 656 (2014); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588–89 (1986). "In reaching its decision, a court should not weigh the evidence, make credibility determinations, or attempt to determine the truth of the matter." *Leonetti's Frozen Foods, Inc. v. Rew Mktg., Inc.*, 887 F.3d 438, 442 (8th Cir. 2018). To survive summary judgment, the nonmoving party must substantiate his allegations with "sufficient probative evidence that would permit a finding in his

favor based on more than mere speculation, conjecture, or fantasy." *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007) (internal quotations and citations omitted).

**Undisputed Material Facts**

On June 9, 2021, Plaintiff filed the Kansas Action against Amazon.com Services LLC in the United States District Court for the District of Kansas.[1] The Kansas Action alleged that Plaintiff worked for Amazon Services at a fulfillment center in Kansas City, Kansas, from August to December 2020. The complaint in the Kansas Action focused on Plaintiff allegedly being sexually assaulted by a co-worker in December 2020 and then being terminated on December 27, 2020. Plaintiff asserted claims purportedly arising out of his employment and termination of his employment, including under Title VII. *See* ECF No. 23-1 at 2.

Amazon Services and Plaintiff reached a settlement in the Kansas Action. Plaintiff executed and returned the Settlement Agreement on October 11, 2021. In pertinent part, the Settlement Agreement required Plaintiff to dismiss the Kansas Action with prejudice and release all claims against Amazon Services and its "divisions, affiliate, parents, subsidiaries and operating companies" related to his employment with them. ECF No. 23-3 at 3–4.

Plaintiff tried to avoid the Settlement Agreement in the Kansas Action, but on January 20, 2022, the district court enforced it and dismissed the case with prejudice. ECF No. 23-4. On October 13, 2022, the district court denied Plaintiff's motion to reopen the case. ECF No. 23-6.

Shortly before the district court in the Kansas Action enforced the Settlement Agreement, Plaintiff filed the instant lawsuit. That lawsuit was not served upon Amazon Inc. until August 5, 2022. Like the Kansas Action, this case focuses on Plaintiff's co-worker's alleged sexual assault

[1] Amazon Inc. has set forth a statement of facts, ECF No. 23, but Plaintiff failed to properly contest them in his opposition to Amazon Inc.'s motion, ECF No. 25. And as discussed below, the Court is ignoring Plaintiff's unauthorized supplemental summary judgment filings. So Amazon Inc.'s statement of facts is deemed admitted. *See* Local Rule 56.1(b)(1). And since the Court is granting summary judgment for Amazon Inc. on claim preclusion grounds, Plaintiff's statement of facts from his motion are not included here due to that motion being moot.

of him as well as Plaintiff's later termination. Compl., ECF No. 1-1. Plaintiff again seeks to assert claims purportedly arising out of his Amazon Inc. employment and termination.

In support of its motion for summary judgment, Amazon Inc. has submitted a declaration from Zane Brown, Vice President and Associate General Counsel, Labor & Employment, for Amazon.com, Inc. ECF No. 23-2. Brown avers that Amazon Services executed the Settlement Agreement with Plaintiff and that Amazon Services is a wholly owned subsidiary of Amazon Inc.

**Procedural History**

On August 26, 2022, Amazon Inc. filed a motion to dismiss this case based on claim preclusion and accord and satisfaction. ECF No. 7. But because Amazon Inc.'s motion sought to establish the relationship between Amazon Inc. and Amazon Services solely by reference to a corporate disclosure, the Court denied the motion to dismiss. ECF No. 10. In doing so, the Court made clear that it was not ruling on the merits of these defenses, and Amazon Inc. could renew its arguments at summary judgment. *Id.*

This order prompted Plaintiff to file a motion for summary judgment on what appears to be some or all his claims raised in the Complaint as well as others not raised in the Complaint. ECF Nos. 19, 24. Shortly thereafter, Amazon Inc. filed its motion for summary judgment seeking judgment as a matter of law on claim preclusion and accord and satisfaction. ECF Nos. 22–23. The parties then filed suggestions in opposition and replies in support of those motions. ECF Nos. 25, 27–30. At that point, the motions were fully briefed.

But then Plaintiff unleashed a torrent of filings. ECF Nos. 34–41. These filings effectively sought to add facts and arguments to the already fully briefed motions for summary judgment. *Id.* This prompted Amazon Inc. to move to strike these filings, or, alternatively, give it time to respond. ECF No. 42. Plaintiff opposed that motion, ECF No. 43, and Amazon Inc. replied in support, ECF

No. 46. That motion was fully briefed at that point, but Plaintiff filed yet another opposition. ECF No. 48.

That was not all for Plaintiff, however. He also filed a motion to strike the Settlement Agreement, ECF No. 44, as well as a motion to strike a corporate disclosure filed by Amazon Services in the Kansas Action, ECF No. 51. Those motions are now fully briefed as well.

## Discussion

The Court address the parties' various motions to strike before turning to the summary judgment motions.

### I. The motions to strike are denied, but the Court ignores Plaintiff's unauthorized summary judgment filings.

Because Plaintiff has made repeated supplemental filings to the motions for summary judgment, Amazon Inc. has moved to strike those filings or for leave to respond. ECF No. 42. Plaintiff has moved to strike the Settlement Agreement, ECF No. 44, and to strike the corporate disclosure from the Kansas Action, ECF No. 51.

The motions to strike are procedurally improper. None of the documents the parties seek to strike are pleadings. To the contrary, they are briefs and exhibits attached to, or referenced in, the summary judgment briefing. So the Court DENIES the motions to strike as procedurally improper. *See Haarslev, Inc.*, 2022 WL 18544691, at *1; *ISG Tech., Inc.*, 2020 WL 7389746, at *9; *Joe Hand Promotions, Inc.*, 2015 WL 1976342, at *2.

That said, the Court still addresses the merits of their respective positions as they go to the heart of whether the parties complied with the Local Rules in their summary judgment briefing. Local Rule 56.1 controls the sequencing and content of summary judgment briefing. That rule only allows for supporting suggestions, opposing suggestions, and reply suggestions. L.R. 56.1(a)–(c). It further requires that "[a] party opposing a motion for summary judgment must

begin its opposing suggestions by admitting or controverting each separately numbered paragraph in the movant's statement of facts." L.R. 56.1(b)(1). And it makes clear that "[u]nless specifically controverted by the opposing party, all facts set forth in the statement of the movant are deemed admitted for the purpose of summary judgment." *Id.*

Plaintiff has violated these rules in multiple ways. First, Plaintiff's opposition did not separately admit or deny each statement of fact by Amazon Inc. *See* ECF No. 25. Second, after failing to do so and after Amazon Inc. noted this in its reply brief, ECF No. 28, Plaintiff made numerous unauthorized filings in opposition to Amazon Inc.'s motion for summary judgment and in support of his own motion for summary judgment, ECF Nos. 34–41. These additional filings were not permitted under the Local Rules, and Plaintiff did not seek leave to file them. And the Court will not excuse Plaintiff's failure to follow the Local Rules simply because he is pro se. *See Bunch v. Univ. of Ark. Bd. of Trs.*, 863 F.3d 1062, 1067 (8th Cir. 2017). To the contrary, in litigating this case as well as the Kansas Action, Plaintiff has shown the ability to follow various federal and local rules (e.g., filing pleadings, motions, in forma pauperis applications, etc.). But here, Plaintiff has chosen not to do so by making numerous unauthorized filings.

The Court, thus, ignores all supplemental summary judgment oppositions and suggestions in support filed after the motions for summary judgment were fully briefed. And, as noted above, Plaintiff's failure to properly contest Amazon's motion for summary judgment in his only permitted opposition means that Amazon Inc.'s facts are deemed admitted.[2]

---

[2] Even were the Court to consider Plaintiff's unauthorized filings, it would not change the outcome. Plaintiff's statements and arguments do not create a genuine dispute of material of fact as to the dispositive nature of Amazon Inc.'s claim preclusion defense. To the contrary, Plaintiff's actions in the Kansas Action and this case suggest a concerted effort to undo the Settlement Agreement. Once Plaintiff was rebuffed on that front in the Kansas Action, he sought to do so in this case. Plaintiff's actions underscore that claim preclusion is absolutely applicable, but they have also led to Amazon Inc. incurring significant costs responding to Plaintiff's repeated frivolous filings. This suggests that this action borders on being vexatious and frivolous to the point that sanctions may be appropriate. *See Owens v. Cent. Tr. Bank Inc.*, No. 6:19-03296-CV-RK, 2019 WL 5847846, at *2 (W.D. Mo. Nov. 7, 2019).

Although the substance of Amazon Inc.'s motion to strike has merit, Plaintiff's motions to strike do not. There is no basis for the Court to ignore the Settlement Agreement or the corporate disclosure statement filed in the Kansas Action. The Settlement Agreement is the basis for Amazon Inc.'s summary judgment motion, so, contrary to Plaintiff's position, it is relevant and not unfairly prejudicial. Likewise, the corporate disclosure is relevant to counter Plaintiff's spurious claims that he did not know that the Settlement Agreement released Amazon Inc. Thus, the Court finds no basis to ignore these documents.

## II. Amazon Inc. is entitled to summary judgment on its claim preclusion defense.

Amazon Inc. moves for summary judgment, arguing in part that claim preclusion applies to Plaintiff's lawsuit. More specifically, Amazon Inc. argues that the Kansas Action and this lawsuit arise out of the same employment relationship and incidents and that the Settlement Agreement from the Kansas Action explicitly released Amazon Inc. as well as Amazon Services. Plaintiff argues that summary judgment should be denied because Amazon Inc. and Amazon Services are not in privity and the causes of action are different between the cases.

Federal law governs the claim preclusion issue because the Kansas Action involved a federal court exercising federal question jurisdiction. *See Taylor v. Sturgell*, 553 U.S. 880, 891 (2008). Under federal common law, claim preclusion "applies when (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action." *Elbert v. Carter*, 903 F.3d 779, 782 (8th Cir. 2018) (internal quotation marks omitted); *see also Hoxworth v. Blinder*, 74 F.3d 205, 208 (10th Cir. 1996) (similar).[3]

[3] Amazon Inc. primarily relies upon Tenth Circuit authority on claim preclusion, arguing that it must apply because a Kansas district court issued the Kansas Action judgment. But the issue of whether Tenth or Eighth Circuit law applies is not so clear. *See* Wright & Miller, 18B Fed. Prac. & Proc. Juris. § 4466 Res Judicata Between Federal Courts (3d

All elements are met here. First, the Kansas Action resulted in a final judgment on the merits because it ended with a Settlement Agreement and a dismissal with prejudice in accordance with the Settlement Agreement. *Black Clawson Co. v. Kroenert Corp.*, 245 F.3d 759, 763 (8th Cir. 2001); *see also Hoxworth*, 74 F.3d at 208. Second, the jurisdiction was proper in the Kansas Action because there was personal jurisdiction over each party via consent and subject-matter jurisdiction due to the presence of the Title VII claims. Third, each lawsuit has Plaintiff as a party. And while Amazon Inc. was not a party to the Kansas Action, it is Amazon Services' parent company and it was explicitly released in the Settlement Agreement. *See Elbert*, 903 F.3d at 782; *see also Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1240–41 (10th Cir. 2017). Fourth, although the two lawsuits purport to raise different claims, the factual allegations make clear they are both based on the same exact nucleus of operative facts, including Plaintiff's employment relationship with Amazon Services and his alleged sexual assault at the hands of a co-worker. *See Yankton Sioux Tribe v. U.S. Dep't of Health & Hum. Servs.*, 533 F.3d 634, 641 (8th Cir. 2008); *see also Clark v. Haas Grp., Inc.*, 953 F.2d 1235, 136–37 (10th Cir. 1992). Thus, claim preclusion is appropriate here.

Since all elements of claim preclusion are met here, Amazon Inc. is entitled to judgment as a matter of law on all claims raised in this case. Amazon Inc.'s motion for summary judgment is GRANTED.

## III. Plaintiff's motion for summary judgment is denied as moot.

Since the Court granted Amazon Inc.'s summary judgment motion, it necessarily precludes all claims in this case. As such, Plaintiff's motion for summary judgment on his purported claims is DENIED AS MOOT.

---

ed.). Since the laws of the Eighth and Tenth Circuits do not appear to materially conflict on this issue, the Court simply cites the law from both circuits.

## Conclusion

For the foregoing reasons, Amazon Inc.'s motion for summary judgment is GRANTED and the remaining motions are DENIED.

**IT IS SO ORDERED.**

Date: May 31, 2023                                         /s/ Greg Kays
                                                           GREG KAYS, JUDGE
                                                           UNITED STATES DISTRICT COURT